ANSTEAD, Judge,
dissenting.
I believe that there is evidence in the record to support the giving of the challenged jury instruction on the state traffic regulation. It is conceded that the instruction is an accurate statement of the law. The only issue is whether it could possibly be applied to the facts of this case.
The time sequences in question may appear to be precise and substantial when viewed in the printed record of the hindsight estimates of the various witnesses given at trial. However, it is apparent from the evidence that this accident happened very quickly in the midst of busy road traffic, when the plaintiff pedestrian attempted to cross the roadway in the middle of the block at the same time that the defendant driver was attempting to turn onto the roadway. It is also apparent from the defendant driver’s testimony that before pulling out he looked in the direction where the plaintiff was subsequently struck and did not see the plaintiff. It may be inferred from this testimony that the plaintiff was not there at the time. Based on this evidence and inferences therefrom I believe it was proper to give the traffic regulation in question, along with others outlining the various duties of drivers and pedestrians for use by the jury as appropriate depending upon the facts as the jury found them to exist. One possible scenario, in my view, that the jury could find would be that the automobile driver acted properly under heavy traffic conditions in checking the roadway before proceeding to turn, and that in the brief interval before last checking the area where the pedestrian appeared and checking the traffic to his right, the pedestrian suddenly appeared in front of his vehicle.
Although the driver clearly had a duty to be on the lookout for anything or anyone in the roadway, one factor that he could consider was the fact that he was turning out of a driveway in the middle of the block where pedestrians should not be crossing. It is up to the jury to assess all of these circumstances and determine exactly what happened and to assess the reasonableness of the conduct of the parties under the circumstances. Instead, the majority has ordered a directed verdict against the defendant driver on the issue of negligence, even though the jury found the defendant free of actionable negligence and the only issue on appeal concerns the propriety of the jury instruction.